UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CORREA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, CALIFORNIA STATE PRISON, CORCORAN,<br><br>　　　　　Respondent. | No.  2:14-cv-2160 JAM CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges seven convictions for being a felon in possession of firearms and one for possession of a stolen vehicle all originating from Sacramento County.  He is serving eight consecutive 25 years-to-life sentences.[1]  Respondent has filed a motion to dismiss this action as time barred.

Title 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

/////

---

[1] Petitioner's sentence was entered pursuant to California's "Three Strikes Law."

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On July 9, 2008, the California Supreme Court granted petitioner's request for review of the denial of his appeal by the California Court of Appeal. Resp't's Lodged Doc. No. 4. On June 21, 2012, the California Supreme Court affirmed the court of appeal. Id. Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on September 19, 2012 when time expired for petitioner to seek a writ of certiorari with respect to the California Supreme Court's decision. See Bowen v. Roe, 188 F.3d 1157, 1158 59 (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."). The limitations period applicable to this action began running the next day on September 20, 2012. This action was not commenced until September 11, 2014 when petitioner submitted his habeas petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 270-71 (1988). Therefore, the limitations period ran out on September 19, 2013 unless there is any basis for tolling.

Title 28 U.S.C. § 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A review of the record before the court reveals that

/////

/////

petitioner had no actions for collateral relief pending in California courts while the limitations period was running.[2]

Because there does not appear to be any basis to toll the limitations period before it ran out on September 19, 2013, respondent's motion to dismiss should be granted, and this case should be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 16) be granted;

2. Petitioner's petition for writ of habeas corpus be dismissed as time-barred; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

/////

---

[2] Shortly after the California Supreme Court issued its decision affirming the California Court of Appeal, petitioner filed what he called a "notice of appeal" concerning the California Supreme Court's decision in this court. See 2:12-cv-2189 GEB EFB P.  The "notice of appeal" was dismissed for lack of jurisdiction on November 6, 2012. ECF Nos. 9 & 11.  Petitioner then appealed the dismissal to the Ninth Circuit and the appeal was dismissed on April 25, 2013. ECF Nos. 13 & 17.  Finally, petitioner filed a petition for writ of certiorari regarding the Ninth Circuit's dismissal of his appeal. Resp't's Lodged Doc. No. 15.  The petition, assigned docket number 13-5893, was denied on October 21, 2013.   While petitioner is entitled to tolling under 28 U.S.C. § 2244(d)(2) while petitions for state collateral relief are pending, petitioner is not entitled to tolling for actions filed in federal court.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2015

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
corr2160.mtd